IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| HERBERT FEIST, | § § § | |
| *Plaintiff,* | § § | SA-23-CV-01017-OLG |
| vs. | § § § | |
| UNITED STATES OF AMERICA BY AND THROUGH ORTHOPEDIC, FT. HOOD HOSPITAL, ANETHESIALOGIST, FT. HOOD HOSPITAL, | § § § § § § | |
| *Defendants.* | § § | |

## **ORDER**

Before the Court in the above-styled cause of action is Plaintiff's "Civil Rights and Personal Injury Complaint," which was automatically referred to the undersigned on August 14, 2023. Embedded in Plaintiff's Complaint are a request to proceed *in forma pauperis*, a motion to appoint counsel, and a motion to amend his pleadings. Plaintiff has also separately filed a motion requesting his Complaint be served [#2]. The undersigned therefore has authority to enter this order on Plaintiff's non-dispositive motions pursuant to 28 U.S.C. § 636(b)(1)(A). For the reasons that follow, the undersigned will grant Plaintiff's motion to proceed *in forma pauperis*, deny Plaintiff's motion to appoint counsel, dismiss as moot Plaintiff's motion to amend, grant Plaintiff's motion for service, and order service of Plaintiff's Complaint on Defendant.

### **I. Motion to Proceed IFP and Motion for Service**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $350, as well as

1

an administrative fee.[1]  *See* 28 U.S.C. § 1914(a).  Plaintiff has not filed a separate motion to proceed IFP but states in his Complaint that he has no banking accounts; no stock, bonds or certificates; receives no income from any source; and due to his poverty is unable to prepay fees and other costs associated with this suit.  Plaintiff includes a signed verification to the truthfulness of the facts asserted in his Complaint, however the verification is not sworn under penalty of perjury.  The Court will therefore grant the motion to proceed IFP.  However, the Court will order Plaintiff to sign and file an amended verification that contains the following statement, "I verify under penalty of perjury that the information contained in my verification is true and correct."  *See* 28 U.S.C. § 1746 (setting forth the requirements for a sworn declaration or verification).

Pursuant to the Court's October 8, 2019 Standing Order, the undersigned has reviewed Plaintiff's proposed Complaint pursuant to 28 U.S.C. § 1915(e).  Plaintiff's Complaint asserts claims under 42 U.S.C. § 1983, the Medical Liability Act, the Federal Tort Claims Act, and for gross negligence against the United States of America, by and through the Fort Hood Hospital.  Plaintiff alleges that he suffered permanent injuries as the result of a negligent surgery performed at Fort Hood Hospital in Fort Cavazos, Texas, a town near Waco, Texas.  Plaintiff, however, resides in the San Antonio Division of the Western District of Texas.  The Court finds that Plaintiff's proposed Complaint [#1] asserts at least one non-frivolous claim.  Therefore, Defendant should be served with this lawsuit.  As the Court is ordering service of Plaintiff's Complaint as part of its standard review process, the Court will grant Plaintiff's motion for service [#2].

---

[1] The administrative fee, which is currently $50, is waived for plaintiffs who are granted IFP status.  *See District Court Miscellaneous Fee Schedule,* available at http://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

Plaintiff sues the United States of America. To serve the United States, a party must deliver a copy of the summons and complaint to the United States attorney for the district where the action is brought and send a copy by registered or certified mail to the Attorney General of the United States at Washington, D.C. Fed. R. Civ. P. 4(i)(1). The Court will therefore order the United States Marshals Service to send a copy of the summons and Complaint <u>via registered or certified mail</u> to (1) the United States Attorney for the district where the action is brought, here the Western District of Texas, and (2) the Attorney General of the United States in Washington, D.C.

## II. Motion to Appoint Counsel and Motion for Leave to Amend

Plaintiff also seeks the appointment of counsel. There is no right to the automatic appointment of counsel in a civil case. *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994); *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987). However, courts have the discretion to appoint counsel pursuant to 28 U.S.C. § 1915(e)(1) in *in forma pauperis* proceedings where exceptional circumstances are present. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982) (citation omitted); *see Cupit*, 835 F.2d at 86. In determining whether exceptional circumstances exist and whether the court in its discretion should appoint counsel in such a case, the following factors are relevant: (1) the type and complexity of the case; (2) whether the plaintiff is capable of adequately representing herself; (3) the plaintiff's ability to adequately investigate and present her case; (4) the presence of evidence which consists largely of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination; and (5) the likelihood that appointment will benefit the plaintiff, the court, and the defendants by shortening the trial and assisting in a just determination. *Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991); *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982).

At this time, the Court finds no exceptional circumstances to be present in this case. If at a later juncture, the case becomes procedurally or substantively complex, or if the case proceeds to trial, Plaintiff may again petition the Court for the appointment of counsel.

Finally, Plaintiff also asks the Court for permission to amend his complaint with the assistance of an attorney. The Court will dismiss this motion as moot, in light of the denial of the motion for appointment of counsel. Plaintiff, may, however, amend his Complaint once as a matter of right without leave of court. *See* Fed. R. Civ. P. 15(a). If an attorney is ultimately appointed, Plaintiff may again request leave for an opportunity to amend his pleadings.

### III.  Pro Se Resources

In light of the fact that Plaintiff is representing himself *pro se* in this action, the Court directs him to the following resources to assist him in prosecuting his case:

- The Federal Rules of Civil Procedure, available at: www.uscourts.gov/file/rules-civil-procedure
- This Court's Local Rules, available at https://www.txwd.uscourts.gov/court-information/lcr-civil-rules/
- The "Complete Pro Se Manual" which is available on the Court's website at: https://www.txwd.uscourts.gov/filing-without-an-attorney/pro-se-manual/.

Plaintiff is directed to familiarize himself with these resources. Also, although *pro se* litigants are held to a less stringent standard, they are nevertheless required to follow the rules that govern all litigants in federal court. *Grant v. Cuellar*, 59 F.3d 524, 524 (5th Cir. 1995). These rules include but are not limited to the rules and Court orders regarding conference with opposing counsel, following deadlines imposed by the rules and the Court's Scheduling Order, observing the response times for motions as set forth in Local Rule CV-7(e), and keeping the Court updated with a current address to ensure all filings are received.

**IT IS THEREFORE ORDERED** that Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [#1] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint [#1-1] shall be filed by the Clerk without prepayment of fees, costs or the giving of security therefore, and the Clerk shall, until further Order of this Court, waive the collection of any other fees or costs from Plaintiff.

**IT IS FURTHER ORDERED** that Plaintiff's motion for his Complaint to be served [#2] is **GRANTED** and the United States Marshals Service shall serve the United States Attorney for the Western District of Texas and the Attorney General of the United States with a copy of the Complaint and a copy of this order by certified mail, return receipt requested.

**IT IS FURTHER ORDERED** that Plaintiff file an amended verification regarding the facts asserted in his motion to proceed *in forma pauperis* in accordance with the instructions contained in this Order **on or before September 7, 2023**. Plaintiff shall verify that the facts in his Complaint and motion to proceed *in forma pauperis* are true and correct by submitting the following statement to the Court with his signature: "I verify under penalty of perjury that the information contained in my verification is true and correct."

**IT IS FURTHER ORDERED** that Plaintiff's motion for the appointment of counsel [#1] is **DENIED WITHOUT PREJUDICE**.

**IT IS FINALLY ORDERED** that Plaintiff's motion to amend his pleadings [#1] is **DISMISSED AS MOOT**.

SIGNED this 24th day of August, 2023.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE