IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| HERBERT FEIST, | § | |
| | § | |
| *Plaintiff,* | § | SA-23-CV-01017-OLG |
| | § | |
| vs. | § | |
| | § | |
| UNITED STATES OF AMERICA BY | § | |
| AND THROUGH ORTHOPEDIC, FT. | § | |
| HOOD HOSPITAL, | § | |
| ANETHESIALOGIST, FT. HOOD | § | |
| HOSPITAL,  UNITED STATES OF | § | |
| AMERICA, | § | |
| | § | |
| *Defendants.* | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Orlando L. Garcia:**

This Report and Recommendation concerns United States' Motion to Dismiss [#7]. All pretrial matters in this case have been referred to the undersigned for disposition pursuant to Western District of Texas Local Rule CV-72 and Appendix C [#8]. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Defendant's motion be granted.

**I.  Background and Analysis**

Plaintiff filed his *pro se* Complaint on August 14, 2023, against Defendant the United States of America by and through Orthopedic Fort Hood Hospital, alleging violations of the Federal Tort Claims Act ("FTCA") and 42 U.S.C. § 1983. Plaintiff's Complaint states that he suffered a workplace injury to his right foot, that Defendant performed negligent surgeries in August 2021, and that the surgeries have resulted in permanent disabling injuries. Defendant has

1

moved to dismiss on the basis that Plaintiff has not exhausted his administrative remedies as to his FTCA claim and argues this Court therefore lacks subject matter jurisdiction. Defendant also moves to dismiss Plaintiff's claim under Section 1983 for failure to state a claim.

Plaintiff's response in opposition to the motion was due on or before November 13, 2023. *See* W.D. Tex. Loc. R. CV-7(d). Plaintiff has not filed any response. This Court's Local Rules therefore allow this Court to construe the motion as unopposed. *Id.* As Defendant's motion seeks dismissal of Plaintiff's Complaint and is therefore dispositive of the suit, the undersigned has nonetheless addressed the motion on its merits.

Plaintiff's Complaint invokes the FTCA. The FTCA waives the sovereign immunity of the United States for actions sounding in tort against the federal government, its agencies, and its officers acting within their official capacity. 28 U.S.C. § 2679. Prior to filing an FTCA action in federal court, however, a plaintiff must "have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." *Id.* at § 2675(a). This exhaustion requirement is a mandatory jurisdictional prerequisite to an action alleging FTCA claims. *McNeil v. United States*, 508 U.S. 106 (1993); *Coleman v. United States*, 912 F.3d 824, 834 (5th Cir. 2019). Plaintiff has not alleged that he filed an administrative complaint with the United States Army prior to filing this case. Plaintiff bears the burden of establishing this Court's subject matter jurisdiction over his claims. *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 534, 537 (5th Cir. 2017); *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

In summary, Plaintiff has not pleaded administrative exhaustion as to his FTCA claims. Nor has Plaintiff filed a response in opposition to the motion in an attempt to establish that he

has in fact exhausted his administrative remedies.  The Court should therefore dismiss Plaintiff's FTCA claims pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

Further, Defendant has shown that Plaintiff cannot cure this pleading defect, so he should not be given the opportunity to replead.  *See Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000) (district court may deny opportunity to amend when any amendment would be futile).  Defendant has attached the declaration of James Green, Management Support Assistant with the United States U.S. Army Claims Service, which attests that Plaintiff has not filed any administrative claim against the United States for which the Army has investigative responsibility.  (Green Decl. [#7-1], at 1.)  In evaluating whether this Court has subject matter jurisdiction, the Court may consider evidence outside the pleadings to ascertain jurisdictional facts.  *Oaxaca v. Roscoe*, 641 F.2d 386, 391 (5th Cir. 1981) ("A factual attack on the subject matter jurisdiction of the court, however, challenges the facts on which jurisdiction depends and matters outside of the pleadings, such as affidavits and testimony, are considered.").  Given the evidence submitted by Defendant, and that Plaintiff has submitted no evidence that contradicts it, the record establishes that Plaintiff has not exhausted his FTCA claims, and they must therefore be dismissed.

The Court should also dismiss Plaintiff's claims under 42 U.S.C. § 1983.  Section 1983 provides a statutory mechanism for vindicating the violation of constitutional rights by state, not federal, actors.  *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999); *Izen v. Catalina*, 398 F.3d 363, 367 n.3 (5th Cir. 2005).  Because Plaintiff's suit is against the United States, he cannot bring an action under Section 1983.  There is a federal analogue to Section 1983, however, which is referred to as a *Bivens* action.  *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 (1971); *see Izen*, 398 F.3d at 367 n.3

(noting that the constitutional torts authorized by Section 1983 and *Bivens* are coextensive). But Plaintiff cannot state a claim under *Bivens* as a result of medical malpractice, as these claims are not cognizable unless there are allegations of deliberate indifference to a serious medical need. *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). "Mere negligence, neglect, or medical malpractice" does not suffice. *Id.*

Plaintiff's Complaint alleges medical malpractice based on negligence and cannot be construed as pleading deliberate indifference to his medical needs. Deliberate indifferences is an extremely high standard satisfied only by a showing of a refusal to treat or intentional mistreatment evidencing a wanton disregard for any serious medical needs. *Domino v. Tex. Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001); *Hare v. City of Corinth*, 74 F.3d 633, 649 (5th Cir. 1996) (en banc). Plaintiff's allegations do not plausibly plead deliberate indifference. Plaintiff alleges Defendant operated on Plaintiff's right foot in August 2021, and when the surgical site became infected, Defendant performed a second emergency surgery 30 to 45 days later. Plaintiff further pleads that the anesthesiologist informed Defendant of the risk of lung damage due to the surgeries being performed so close in time. Plaintiff states he was given a device post-surgery to assist with lung exercises, but the device did not help. Plaintiff alleges that two years later, he still struggles from hyperventilation and limited mobility. Because Plaintiff does not allege facts that could plausibly give rise to a claim based on deliberate indifference to a serious medical need, rather than mere negligence or medical malpractice, his claim under Section 1983, even if construed as a *Bivens* claim, must be dismissed under Rule 12(b)(6).

## II.  Conclusion and Recommendation

Having considered Defendant's motion, the lack of response from Plaintiff, the pleadings, record, and governing law, the undersigned recommends that United States' Motion to Dismiss [#7] be **GRANTED**.

## III.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Objections are limited to no more than 20 pages unless leave of court is granted.  The party shall file the objections with the Clerk of Court and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415,

5

1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

SIGNED this 8th day of December, 2023.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE